### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LANIN, et al.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE BOROUGH OF TENAFLY, et al.,<br><br>　　　　　Defendants. | Civil Action No.<br><br>2:12-cv-02725-MCA-SCM<br><br>**OPINION AND ORDER DENYING MOTION, D.E. 79 TO COMPEL DISCOVERY AND**<br><br>**AMENDED SCHEDULING ORDER** |

**THIS MATTER** having come before the Court on January 21, 2015 by way of oral argument on motion to compel, D.E. 79 and status conference.  For purposes of this motion, the Court presumes the truth of the facts alleged by Plaintiffs.  They are married residents of Downey Drive in Tenafly, New Jersey.  They are *pro se* in this matter. Downey Drive is a public street near Smith Elementary School. In 2012, the Borough enacted Traffic Ordinance 10-19 (the "Ordinance") restricting the flow of traffic on Downey Drive to "one-way" eastbound travel on schooldays between 8:00 am and 4:00 pm.  The Ordinance combined with other factors has eliminated egress from their home by car in both directions for ten months each year, except to enter on to the Board of Education's property through the Smith School parking lot.

On or about May 29, 2014, the Court entered a Pretrial Scheduling Order. (Docket Entry (D.E.)  69).  The Order directed the parties to serve "interrogatories limited to twenty five (25) single questions" and document demands by June 12,2014, and to respond within 30 days of receipt. (D.E. 69 at ¶ 16).

On about June 12, 2014, Plaintiffs served their Requests on both Defendants.

On September 8, 2014, the Court ordered that "Defendant shall respond to all outstanding interrogatories and requests for production of documents by September 19, 2014. (D.E. 76).  Defendant Borough responded on about September 22, 2014.

On November 21, 2014, the Court authorized Plaintiffs to file their motion to compel. (D.E. 78 (Order incorrectly dated 11/24/2014).  Defendant Borough opposed the motion, contending that Plaintiffs' combined interrogatories exceeded the number allowed by nearly three-fold. (D.E. 80).  This Court agrees.

Plaintiffs have waived taking depositions due to the expected costs involved, and have either misread the Federal Rules' discussion regarding subparts or sought to use this discovery device *in lieu* of deposition.  Either way, Plaintiffs should not have misread the Pre-Trial Order which was clearly prescribed "interrogatories limited to twenty five (25) single questions."

Defendant Borough's discovery responses are largely sufficient, especially considering the excessive number of interrogatories served.  Having considered the arguments of all, and for good cause having been shown,

**IT IS** on this Wednesday, January 21, 2015 ordered as follows:

1. **Motion Practice:**  Plaintiffs' motion to compel is denied.  Counsel for Defendant Borough shall serve a copy of this Order upon each plaintiff within seven days.

2. **Depositions**:  The depositions of plaintiffs are to be completed by 2/27/2015.

   No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege.  *See* Fed.R.Civ.P. 32(d)(3)(A).  No instruction not to answer shall be given unless privilege is implicated.

   a. If a dispute arises at a deposition, then the parties shall contact Magistrate Judge Mannion during the deposition.

   b. If this case involves multi-party litigation with several attorneys, counsel are to meet and confer regarding deposition dates.  If there is an impasse and counsel (other than the attorney who noticed the deposition and the attorney defending the deposition) are not available,

scheduled depositions should go forward.  The unavailable counsel should appear by telephone, send a substitute attorney to cover, etc.

    c.  If fact questions, beyond pedigree are asked of a Fed. R. Civ. P. 30(B)(6) witness, the Court may count the deposition as both a fact and a 30(B)(6) deposition.  The transcript should reflect which responses are made as a fact witness and which are made as a 30(B)(6) witness.

    d.  Pro se parties and witnesses are advised as follows:  All parties to a case may take turns questioning a witness at deposition regardless of who issued the deposition notice.  The person being deposed may take notes regarding the questions posed and their responses, because there is no general entitlement to a free transcript.

**3.**   <u>**Dispositive Motions:**</u> Motions for summary judgment shall be filed by 4/10/2015.  *See* Fed. R. Civ. P. 56(b); Local Civ.R. 7.1.  Opposition is to be filed by 5/1/2015.  Replies are to be filed by 5/12/2015. The motion will returnable before the Hon. Madeline Cox Arleo, U.S.D.J., and the Judge's chambers will advise whether there will be oral argument.

**4.**   <u>**Facsimiles:**</u> Judge Mannion will accept the following correspondence by facsimile up to five pages (plus the cover sheet): (a) joint discovery plans; (b) confidential settlement positions; (c) proposed orders; (d) letters advising that settlement has been reached; and truly emergent correspondence.  Courtesy copies of motion papers and exhibits should be delivered to the Court by mail or other carrier.  Counsel should obtain permission from Chambers to fax any other documents.

**FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER OR ANY SUBSEQUENT SCHEDULING ORDERS ENTERED BY THIS COURT MAY RESULT IN SANCTIONS. See Fed.R.Civ.P. 16(f) and 37.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

1/21/2015 5:52:38 PM